E-FILED
Tuesday, 15 July, 2008  02:13:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JACK D. ANDERSON, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 08-4014 |
| | ) | |
| TOM NICHOLSON, | ) | |
|         Defendant | ) | |

**ORDER**

Now before the Court is Plaintiff's motion to disqualify defendant's attorney and her law firm (Doc. #10). The defendant has responded. I have carefully considered the arguments of the parties. The motion is denied.

This case arose out of Plaintiff Jack Anderson's former employment as the animal control warden for Henry County, Illinois. Defendant Tom Nicholson was the Chairman of the Henry County Board and is alleged to have terminated plaintiff's employment, purportedly because of a violation of the County's Equal Opportunity Policies and/or its Personnel Practices. These Policies and Practices provide, under the heading "disciplinary and termination actions" the following statement: "Any disciplinary or termination action shall be made only for just cause." Based on that statement, Plaintiff alleges that he was deprived of Fourteenth Amendment due process rights in violation of 42 U.S.C. 1983.

Defendant's attorney in this matter is Julie Bruch; she works for the law firm O'Halloran Kosoff Geitner & Cood, as does Cliff Kosoff. According to Plaintiff's counsel, the two attorneys are potential witnesses in this case because they "were involved in coordinating the investigation and setting up the Investigative Panel and providing legal advice for the Investigative Panel's ultimate recommendation that the plaintiff, Jack Anderson, be terminated." Specifically, Plaintiff points out

that Tom Nicholson has stated in an affidavit that he relied upon the recommendations and investigation of the Investigative Panel and upon the advice of counsel in making his decisions in this case, thereby opening the door to questions about the advice given and the role the attorneys played in the Panel.  Plaintiff moves to disqualify both the individual attorneys as well as the law firm in this case.

This Court has adopted the Illinois Supreme Court Rules of Professional Conduct.  Local Rule CDIL 83.6(D).  RPC 3.7 governs issues related to attorneys acting as witnesses.  This Rule provides:

**RULE 3.7.  Lawyer as Witness**

(a) A lawyer shall not accept or continue employment in contemplated or pending litigation if the lawyer knows or reasonably should know that the lawyer may be called as a witness on behalf of the client, except that the lawyer may undertake the employment and may testify:
(1) if the testimony will relate to an uncontested matter;
(2) if the testimony will relate to a matter of formality and the lawyer reasonably believes that no substantial evidence will be offered in opposition to the testimony;
(3) if the testimony will relate to the nature and value of legal services rendered in the case by the lawyer or the firm to the client; or
(4) as to any other matter, if refusal to accept or continue the employment would work a substantial hardship on the client.

Plaintiff argues that Ms. Bruch will likely be called as a witness to "testify in regards to the actual conversations with the defendant and what legal representations were made that defendant admits he relied upon and which he is using as a potential defense."  Based upon that scenario, Plaintiff asserts that disqualification is mandatory.

I disagree, in part because the motion ignores various provisions of the Federal Rules of Civil Procedure that limit discovery and in part because I believe this motion is premature.  Plaintiff has not attempted to take the depositions of the individual attorneys.  See, Hunt Intl Resources Corp. v. Binstein, 98 F.R.D. 689, 690 (N.D. Ill.1983)("an attorney may be deposed, even if he or she represents a party to the litigation in issue."); Cooper v. Welch Foods, Inc., 105 F.R.D.4 (W.D.N.Y.1984); Evans

v. Atwood, 1999 WL 1032811, at *4-5 (D.D.C.1999)(same); qad. inc. v. ALN Assoc., Inc., 132 F.R.D. 492, 495 (N.D. Ill.1990).  It is therefore not possible to ascertain the testimony that might be given.

Nor has plaintiff explained any other efforts to obtain this information from sources other than counsel.  The governing case law with respect to deposing attorneys and calling attorneys as witnesses requires such information.  See discussion by this Court in Taylor Machine Works Inc. v. Pioneer Distribution Inc., Case No. 06-1126, 2006 WL 1686140, June 19, 2006 (C.D. Ill.).  Discovery in this case has not even begun yet, so what other sources may be available cannot yet be ascertained.

Finally, it has not been shown what, if any, of the information sought is subject (or not) to attorney client privilege.  Protections available under attorney-client privilege or work product privilege, Fed.R.Civ.P. 26(b)(5), are not destroyed simply by stating that an attorney is likely to be a witness.  See, In re Penn Central Commercial Paper Litigation, 61 F.R.D. 453 (S.D.N.Y. 1973).

A careful analysis of all the circumstances is called for, and those circumstances have not yet been clearly and adequately defined.  Accordingly, the motion to disqualify is denied, without prejudice to re-raising this issue at a later date when the appropriate legal showing may be presented to the Court.

ENTERED ON  July 15, 2008

                s/ John A. Gorman

                JOHN A. GORMAN
                UNITED STATES MAGISTRATE JUDGE